IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RIANE CARDENAS,<br><br>Plaintiff,<br><br>vs.<br><br>LELAND DUDEK, Acting<br>Commissioner of Social Security,[1]<br><br>Defendant. | Case No. 25-cv-00141-DKW-KJM<br><br>**ORDER REMANDING DECISION OF ACTING COMMISSIONER OF SOCIAL SECURITY** |

Plaintiff Riane Cardenas appeals the Acting Commissioner of Social Security's denial of her application for disability insurance benefits, arguing that an Administrative Law Judge (ALJ) erred in (1) rejecting Cardenas' symptom testimony; and (2) discounting several physicians' opinion evidence. After carefully reviewing the record below and the parties' submissions, the Court finds that sufficient deficiencies in the ALJ's discussion of Cardenas' symptom testimony require remand. Therefore, as more fully explained below, the Court REMANDS this proceeding for further evaluation of Cardenas' symptom testimony and the medical evidence.

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek was automatically substituted as the party-defendant in this action upon his appointment as the Acting Commissioner of Social Security.

## BACKGROUND

### I.      Review of Disability Claims

A five-step process exists for evaluating whether a person is disabled under the Social Security Act (SSA).  20 C.F.R. § 404.1520.  First, the claimant must demonstrate that she is not currently involved in any substantial, gainful activity. *Id*. §§ 404.1520(a)(4)(i), (b).  Second, the claimant must show a medically severe impairment or combination of impairments that significantly limit her physical or mental ability to do basic work activities.  *Id*. §§ 404.1520(a)(4)(ii), (c).  Third, if the impairment matches or is equivalent to a listing in the governing regulations, the claimant is judged conclusively disabled.  *Id*. §§ 404.1520(a)(4)(iii), (d).

If the claimant's impairment does not match or is not equivalent to an established listing, the Commissioner makes a finding about the claimant's residual functional capacity (RFC) to perform work.  *Id*. § 404.1520(e).  The evaluation then proceeds to a fourth step, which requires the claimant to show her impairment, in light of the RFC, prevents her from performing work she performed in the past.  *Id*. §§ 404.1520(a)(4)(iv), (e), (f).  If the claimant is able to perform her previous work, she is not disabled. *Id*. § 404.1520(f).  If the claimant cannot perform her past work, though, the evaluation proceeds to a fifth step.  *Id*. § 404.1520(a)(v), (g).  At this final step, the Commissioner must demonstrate that (1) based upon the claimant's RFC, age, education, and work experience, the claimant can perform other work,

and (2) such work is available in significant numbers in the national economy. *Id.* § 404.1560(c); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (explaining that, at step five, the burden moves to the Commissioner). If the Commissioner fails to meet this burden, the claimant is deemed disabled. 20 C.F.R. § 404.1520(g)(1).

## II.    The ALJ's Decision

On May 1, 2024, the ALJ issued a decision finding Cardenas not disabled for the purposes of the SSA from the alleged onset date of October 26, 2020 through the date of the decision. Administrative Record ("AR") at 50. At Step One of the evaluation process, the ALJ determined that Cardenas had not engaged in substantial gainful activity since October 26, 2020. *Id.* at 33. At Step Two, the ALJ determined that Cardenas had the following severe impairments: juvenile idiopathic arthritis; left hip osteoarthritis; obesity; asthma; postural tachycardia syndrome; and migraines. *Id.* at 33–34. At Step Three, the ALJ determined that Cardenas did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the governing regulations. *Id.* at 37–38.

Before reaching Step Four, the ALJ determined that Cardenas had the RFC to perform "sedentary work" that included:

> the ability to lift up to 10 pounds occasionally and lift 5 pounds frequently, stand and/or walk up to 2 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday, except: ladders, ropes, or scaffolds; frequent reaching, handling, fingering, feeling with the bilateral upper

extremities; can do work that is performed in no more than moderate noise level intensity environment; can do work that does not involve exposure to vibration, fumes, odors, dusts, gases, poor ventilation, extreme hot or cold temperatures, and hazardous moving machinery or unprotected heights; no work at production pace, such as assembly line; will require option to change positions for 5 minutes after every hour of standing or walking while remaining on task; and will require option to change positions for 5 minutes after every hour of sitting while remaining on task.

*Id.* at 38–39.

At Step Four, the ALJ determined that Cardenas was capable of performing relevant past work as a medical clerk. *Id.* at 46-47. Because of this, the ALJ determined that Cardenas was not disabled. *Id.* at 49–50.[2][3]

## **STANDARD OF REVIEW**

A court must uphold an ALJ's decision "unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (quotation omitted). Stated differently, "[s]ubstantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quotation omitted). "Where evidence is susceptible to more than one rational

---

[2]The ALJ also determined that Cardenas was not disabled following a Step Five analysis. AR at 48.

[3]The Appeals Council denied Cardenas's request for review of the ALJ's decision, meaning that the ALJ's decision became the final decision of the Acting Commissioner. AR at 1.

interpretation, it is the ALJ's conclusion that must be upheld." *Id.* at 679; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[Courts] leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.").

In addition, a court may not reverse an ALJ's decision on account of an error that is harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quotation and citation omitted). In making this assessment, a court "look[s] at the record as a whole to determine whether the error alters the outcome of the case." *Id.* at 1115.

## **DISCUSSION**

In her Opening Brief, Dkt. No. 21, Cardenas challenges the ALJ's decision in two areas: (1) the ALJ's finding that Cardenas' complaints were not credible; and (2) the ALJ's evaluation of opinion evidence. For the reasons set forth more fully below, because the ALJ's evaluation of Cardenas' symptom testimony requires further development, the Court addresses only that issue. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (remanding to the ALJ while declining to reach an alternative ground for remand).

Cardenas argues that, with respect to her symptom testimony, the ALJ erred in rejecting Cardenas' testimony concerning her activities of daily living and improperly analyzed the medical evidence. Dkt. No. 21 at 7–23. In response, the Acting Commissioner argues that the ALJ properly discounted Cardenas' testimony and reasonably evaluated the medical opinions and findings in the record. Dkt. No. 25 at 13–17.

In the Ninth Circuit, when considering a claimant's symptom testimony, an ALJ must, first, determine whether (1) objective medical evidence has been provided of an underlying impairment that may reasonably produce the symptom(s) alleged, and (2) the claimant is malingering. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492–493 (9th Cir. 2015). Here, the ALJ found that Cardenas' medically determinable impairments could reasonably be expected to cause her alleged symptoms. AR at 40. In addition, the ALJ made no finding that Cardenas was malingering.

As a result, in order for the ALJ to reject Cardenas' testimony about the severity of her symptoms, the ALJ was required to provide "specific, clear and convincing reasons for doing so." *Brown-Hunter*, 806 F.3d at 493. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. The reason for specificity is so a reviewing court can "conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a

claimant's testimony regarding pain." *Id.* This clear and convincing standard is "the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). In general, the Ninth Circuit "ha[s] repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than resting in bed all day." *Garrison*, 759 F.3d at 1016; *accord Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[O]nly if [her] level of activity were inconsistent with [her] claimed limitations would these activities have any bearing on [her] credibility.").

Here, the Court agrees that the ALJ failed to support the conclusion reached about Cardenas' symptom testimony by clear and convincing evidence. First, the ALJ determined that Cardenas was able to "prepare simple meals," "perform light cleaning and organizing," complete an MBA degree, and "spend[] time with others by talking" or "going to the beach." AR at 44. No specific explanation is given, however, as to why the ability to perform these activities "suggests fewer limitations than alleged," as the ALJ put it. *Id.* Courts have previously found that merely listing possible activities is insufficient where "no attempt is made to explain how the limited number of activities mentioned by the ALJ rendered [the claimant] able to do the work" the ALJ identified. *Platt v. Saul*, 2020 WL 435354, at *5 (D. Haw.

Jan. 28, 2020).  The ALJ here further stated that "the intensity, persistence, and limiting effects of the claimant's pain and symptoms" were "not consistent with the other evidence of the record," but this statement amounts to mere boilerplate.  AR at 44; *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (noting that "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" and it constitutes "boilerplate").

In addition, the ALJ's characterization of Cardenas' daily activities overlooks or omits contrary evidence in the record.  For example, the ALJ noted that Cardenas's most recent function report reflected that she was able to prepare her own meals "daily."  AR at 44.  In that function report, however, Cardenas states that "preparing" meals amounted merely to "heating up leftovers," and that, since the onset of her symptoms, she required help to do even that.  *Id*. at 292.  Notably, the ALJ found that Cardenas' ability to complete her MBA degree within two years indicated that her symptoms were less severe than she testified.  *Id*. at 44.  As the ALJ acknowledges, however, this was only possible because Cardenas made repeated extension requests from her professors.  *Id*.  This finding also ignores Cardenas' testimony that she was only able to do her schoolwork online, while "lying down" in her home, and while "literally medicated" on prescribed medical

marijuana.  *Id*. at 92.  The ALJ does not address this testimony nor provide any reason to discount it.[4]

In short, the ALJ's summary of daily activities does not provide a convincing reason to reject Cardenas' symptom testimony, absent additional explanation. Remand is therefore warranted.

## **CONCLUSION**

For the reasons set forth herein, the Acting Commissioner's decision denying Cardenas' application for disability insurance benefits is REMANDED for further administrative proceedings consistent with this Order.  The Clerk is directed to close this case.

IT IS SO ORDERED.

DATED: April 27, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

[4] The ALJ repeatedly cited to Cardenas' ability to complete her MBA throughout the decision.  For example, when rejecting the opinions of medical experts Drs. Karen Morgenshtern Yacoby, Abigail Harada, Mari Shiraishi, and Angeline Dickson as non-persuasive, the ALJ relied heavily on Cardenas having "returned to school and received an MBA" within two years—in fact, at various times in the decision, it was the only example the ALJ gave as to why those opinions were "inconsistent with the overall medical evidence."  AR at 36, 45–46.  As noted above, without more, the Court does not find Cardenas' completion of her graduate program to be in clear conflict with these physicians' opinions, nor, more generally, with a finding of disability.  *See Sayler v. Colvin*, 2015 WL 5567749, at *5 (C.D. Cal. Sept. 21, 2015) ("It is well-settled that an ALJ may not render his or her own medical opinion or substitute her own diagnosis for that of a physician" and must "articulate legitimate reasons supported by substantial evidence for discounting [a physician's] opinion").